UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARLEN R. JENKINS AND<br>GAYLE O. JENKINS | CIVIL ACTION |
| VERSUS | NO. 06-7334 |
| METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY | SECTION N (3) |

## <u>ORDER AND REASONS</u>

Plaintiffs Arlen R. Jenkins and Gayle O. Jenkins ("the Jenkins") have filed a Motion to Remand the above-captioned matter to the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana.  Removing Defendant Metropolitan Property and Casualty Insurance Company ("Metropolitan") opposes the Motion to Remand on grounds that complete diversity exists, and that the amount in dispute exceeds $75,000.00, exclusive of interest and costs.  For the reasons stated herein, Plaintiffs' motion is **GRANTED**.

### <u>I. BACKGROUND</u>

The Jenkins filed their Petition in the 24th Judicial District Court on August 29, 2006, for recovery of insurance proceeds due under the terms of an insurance policy issued by Metropolitan, covering immovable property in Kenner, Louisiana.  Rec. Doc. No. 1, ex. A.  The property was damaged on or about August 29, 2005, by Hurricane Katrina passing through the New Orleans area.  *Id.*

1

The Petition did not explicitly state how much the Jenkins sought to recover, although it is significant (and undisputed) to note that prior to filing the above-captioned claim, Plaintiff Gayle O. Jenkins filed a Supplemental Sworn Proof of Loss in which she asserted a claim on the policy in the total sum of $10,615.70. Rec. Doc. No. 9, ex. A. The Supplemental Sworn Proof of Loss lists, for all practical purposes, the very same items of property listed as damaged in the Petition. *Id.*

Additionally, during a pre-removal telephone conference, Plaintiffs' counsel made a settlement demand in the amount of $20,000.00. Rec. Doc. No. 9. In a letter dated October 5, 2006,[1] which included a Motion for Extension of Time, defense counsel specifically inquired: "Please let us know, however, if you believe that the value of your clients' claim is less than $75,000[.00]." *Id.* That correspondence was followed by a letter from Jenkins' counsel, dated October 23, 2006, wherein he memorialized his conversation with defense counsel by sending a draft Joint Motion to Remand, along with Supporting Memorandum, which would have effectively capped Plaintiffs' recovery at $75,000.00. *Id.* Defense counsel never executed the Joint Motion, which stated:

> As a practical matter, this Motion to Remand, in which Plaintiffs are stating affirmatively that the amount in controversy does not exceed $75,000[.00], exclusive of interest and costs, will operate to judicially estop any future claims that the amount in controversy in this matter exceeds $75,000[.00], exclusive of interest and costs. See Watson v. ITT Sheraton Corp., 61 F. Supp. 2d 529 (1997); and Workman v. Kawasaki Motors Corp., 749 F. Supp. 1010, (1990). Hence, by moving to remand, Plaintiffs are providing legal certainty that an amount in excess of $75,000[.00], exclusive of interest and costs cannot be recovered in this dispute. See Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 353, 6 L.Ed. 2d 890, 894, 82 S.Ct. 1570 (1961).

Rec. Doc. No. 9, ex. C.

---

[1]Coincidentally, Defendant filed to remove on the same date.

2

In connection with the instant motion, the Court received Stipulations of Plaintiffs Arlen R. Jenkins and Gayle O. Jenkins, which stated:

> Plaintiffs stipulate that their claim for damages and penalties will not exceed $75,000.00, exclusive of interest and costs.  Specifically, Plaintiffs project that their damages, interest, costs, and award of any penalties will not exceed $30,000.00.

Rec. Doc. No. 12.

Nonetheless, Metropolitan now opposes the Motion to Remand, made necessary by its own apparent unwillingness to sign the Joint Motion previously referenced.

## II. LAW AND ANALYSIS

### A.   Diversity Jurisdiction

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and where the parties are citizens of different states.  The Supreme Court requires that parties have complete diversity in order to invoke diversity jurisdiction under 28 U.S.C. § 1332.[2]  *See Strawbridge v. Curtiss*, 3 Cranch 267 (1806); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996).  Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side.  *See Harrison v. Prather*, 404 F.2d 267 (5th Cir. 1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990) (holding that diversity jurisdiction is complete only if no plaintiff and no defendant are citizens of the same state).

As removing Defendant claiming federal jurisdiction, Metropolitan bears the burden to demonstrate that the amount in controversy at this stage of proceedings exceeds $75,000.00,

---

[2] That complete diversity exists is not at issue in this case.

3

exclusive of interest and costs.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995).

Metropolitan can meet this burden showing either that it is "facially apparent" on the petition that

the amount in controversy exceeds the jurisdictional amount required or that the facts of the

controversy support a finding of this required amount.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295,

298 (5th Cir. 1999) (quoting *Allen*, 63 F.3d at 1335).  Defendants may present summary judgment-

type evidence so the Court can find that the amount of recovery will exceed the requisite

jurisdictional amount.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).  Simply stating that

the claims "could exceed" the amount in controversy required is not enough to support removal.

*Levy v. Stockstill*, 2003 WL 1903340 at *4 (E.D.La. 2003).  Removal cannot be based on conclusory

allegations.  *Allen*, 63 F.3d at 1335.

The Complaint states that Plaintiffs had significant damage to "fences, landscaping

equipment, roof, and other property," and their Supplemental Sworn Proof of Loss to the claim

totaled $10,615.70.  Rec. Doc. No. 1, ex. A.  In addition, defense counsel received communications

from Plaintiffs' counsel clearly indicating that the amount in dispute is substantially less than

$75,000.00.  Rec. Doc. No. 7.  Therefore, Defendant's argument that it was "under the impression

that their combined damages exceeded $75,000[.00]" was unfounded at time of removal.  Rec. Doc.

No. 10.  Consequently, removing Defendant has failed to satisfy its burden to demonstrate this

Court's jurisdiction.

## B.   Attorney's Fees and Costs

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs also seek attorney's fees and costs for filing their

Motion to Remand and corresponding Memorandum in Support, Notice of Hearing, and Stipulations

of Plaintiffs.  *See* Rec. Doc. Nos. 9, 12.  Metropolitan admits that the evaluation of its "objectively

reasonable grounds" to believe the removal was warranted depends on the Defendant's consideration of the case at the time of the removal.  Rec. Doc. No. 10; *see Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290 (5th Cir. 2000).  In this case, however, given the history cited herein, the Court rejects Metropolitan's assertion that it "reasonably determined that Plaintiffs' damages could exceed $75,000.00." Rec. Doc. No. 10.  In fact, Metropolitan was obviously unreasonable in removing this matter to federal court, which caused increased costs of litigation, further delay of proceedings, and waste of federal judicial resources.  The Court finds an award to Plaintiffs of reasonable attorney's fees and costs associated with Plaintiffs' Motion to Remand to be in order, and reserves the right of Plaintiffs to have such fees and costs fixed by the state district court.

### III. CONCLUSION

Plaintiffs' Motion to Remand is **GRANTED**, along with an award of reasonable attorney's fees and costs incurred in connection with the Motion to Remand.  The above-captioned matter is **REMANDED** to the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this  20th day of April, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**